IN RE ADOPTION OF PUSHCAR.

[Cite as *In re Adoption of Pushcar,*
110 Ohio St.3d 332, 2006-Ohio-4572.]

(No. 2005–2118—Submitted May 23, 2006—Decided September 20, 2006.)

ALICE ROBIE RESNICK, J.

{¶ 1} The appellee, Nicholas Verdone, is the natural father of Rebecca Lynn Verdone, who was born on September 9, 1999. The appellee signed the birth certificate, and the signature resulted in his entry in the Centralized Paternity Registry, which registered the appellee as the child's legal father in an out-of-wedlock birth. The appellee and the child's mother never married but resided together with the child until July 2001.

{¶ 2} On March 22, 2002, the mother, who was represented by counsel, and the appellee signed an agreement concerning visitation and support. The appellee exercised visitation with the child until February 2003, when a conflict arose between him and the child's mother that ended their cooperation.

{¶ 3} In April 2003, the child's mother obtained a civil protection order to protect her from the appellee's menacing by stalking. See R.C. 2903.214. The appellee did not appear at the hearing or defend against the civil stalking complaint. In the protection order, the court explicitly stated that the appellee was not precluded by the order from "pursuing visitation in an appropriate juvenile court."

{¶ 4} Accordingly, on September 9, 2003, the appellee filed an application with the Child Support Enforcement Agency of the Lake County Department of Job and Family Services to establish his parentage of the minor child. On October 2,

2003, the agency notified the appellee that it could not proceed with his application because he had signed the child's birth certificate and was already considered the child's legal father. Then, on October 8, 2003, the appellee filed a complaint in the Lake County Court of Common Pleas, Juvenile Division, asking the court to enforce the visitation that he and the child's mother had agreed to in March 2002. But the Lake County Juvenile Court Rules require genetic testing to establish paternity, and hearings regarding the paternity tests were continued.

{¶ 5} In January 2004, the child's mother married the appellant, Joseph A. Pushcar. On March 22, 2004, Pushcar filed a petition in the Lake County Probate Court to adopt the minor child. The appellee opposed the adoption petition, and a hearing was held to determine whether the appellee's consent to adopt was required under R.C. 3107.07(A), which delineates whose consent is not required for an adoption, including parents who have not provided for or communicated with the child for one year or more. Following the hearing, the magistrate found by clear and convincing evidence that the appellee had, without justifiable cause, failed to communicate with the minor child for one year prior to the filing of the adoption petition. The magistrate concluded that the appellee's consent was therefore not required for the adoption.

{¶ 6} The appellee filed objections to the magistrate's decision, which were overruled by the trial court. The trial court adopted the magistrate's decision and found that, pursuant to R.C. 3107.07, the appellee's consent to the adoption of the minor child was not required.

{¶ 7} The appellee appealed the trial court's order to the Eleventh District Court of Appeals. The appellate court acknowledged that the probate court did have jurisdiction to consider the petition for adoption, but held that the probate court should refrain from intervening in the matter until the juvenile court adjudicates the parenting matter to its conclusion. *In re Adoption of Pushcar*, 11th Dist. No. 2005–L–050, 2005-Ohio-5114, ¶ 29–32. Further, the court held that the probate court could not allow the adoption to proceed under R.C. 3107.07(A) because there had been no judicial determination of paternity. Id. at 25. Accordingly, the court reversed and remanded the matter. Id. at ¶ 33.

{¶ 8} The cause is before this court pursuant to our acceptance of a discretionary appeal. The issue presented for our review is whether a probate court must refrain from proceeding with the adoption of a child when an issue concerning the parenting of that child is pending in the juvenile court. We hold that, in such circumstances, the probate court must defer to the juvenile court and refrain from addressing the matter until adjudication in the juvenile court.

{¶ 9} It is well established that the original and exclusive jurisdiction over adoption proceedings is vested in the probate court. *State ex rel. Portage Cty. Welfare Dept. v. Summers* (1974), 38 Ohio St.2d 144, 67 O.O.2d 151, 311 N.E.2d 6,

paragraph two of the syllabus. We have therefore held, "A Probate Court has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is at the time within the continuing jurisdiction of a divorce court." *In re Adoption of Biddle* (1958), 168 Ohio St. 209, 6 O.O.2d 4, 152 N.E.2d 105, paragraph two of the syllabus.

{¶ 10} However, we have also recognized "the bedrock proposition that once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter." *In re Adoption of Asente* (2000), 90 Ohio St.3d 91, 92, 734 N.E.2d 1224. Therefore, we hold that when an issue concerning the parenting of a minor child is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child.

{¶ 11} Moreover, this case requires us to again acknowledge that natural parents have a fundamental right to the care and custody of their children. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 165, 23 OBR 330, 492 N.E.2d 140, citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Because adoption terminates those fundamental rights, any exception to the requirement of parental consent to adoption must be strictly construed. Id.

{¶ 12} In this case, the appellant argued and the probate court agreed that the appellee's consent to the adoption of the minor was not required under R.C. 3107.07(A). R.C. 3107.07(A) provides that a parent's consent to adoption is not required if the parent fails "without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition." The ability of a court to dispense with the consent requirement under R.C. 3107.07(A) is dependent upon the establishment of the parent-child relationship. *In re Adoption of Sunderhaus* (1992), 63 Ohio St.3d 127, 130, 585 N.E.2d 418. Establishing the parent-child relationship requires "judicial ascertainment of paternity." Id. at 131, 585 N.E.2d 418. We further explained that "[i]nterpreting R.C. 3107.07(A) as requiring a paternity determination prior to the running of the one-year period comports with the requirements of due process and the plain meaning of its provisions." Id. at 132, 585 N.E.2d 418.

{¶ 13} In light of our mandate to strictly construe the language of R.C. 3107.07(A) to protect the fundamental interests of the nonconsenting parent, we have held, "[A] party filing a petition for adoption who relies upon R.C. 3107.07(A) bears the burden of establishing by clear and convincing evidence that the exception to the consent requirement contained therein has been satisfied." Id.; see, also, *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph four of the syllabus; *Masa*, 23 Ohio St.3d 163, 23

OBR 330, 492 N.E.2d 140, paragraph one of the syllabus. Therefore, a mother who relies on R.C. 3107.07(A) to divest a natural father of his parental rights carries the obligation of establishing paternity. *Sunderhaus*, 63 Ohio St.3d at 131, 585 N.E.2d 418.

{¶ 14} In this case, the appellant could not meet his burden of proving by clear and convincing evidence that the exception to the consent requirement under R.C. 3107.07(A) was satisfied. The requisite one-year period set forth in the statute could not begin to run until a judicial ascertainment of paternity—a matter unresolved when the appellant filed his adoption petition. Moreover, given that there was a proceeding pending in the juvenile court when the appellant filed his petition for adoption, the probate court should have deferred to the juvenile court and refrained from proceeding with the adoption petition until the juvenile court had adjudicated the pending matter.

{¶ 15} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in judgment only.

---

Henry B. Fischer Co., L.P.A., Henry B. Fischer, and Kim R. Rushworth, for appellant.

Joseph R. Ulrich Co., L.P.A., and Kenneth J. Cahill, for appellee.