JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant C. V.,[1] the maternal grandmother of child 1 and 2, appeals the denial of her motion to modify custody and motion to suspend the adoption proceedings from the Cuyahoga County Court of Common Pleas, Juvenile Division. Finding no error in the proceedings below, we affirm.
 {¶ 2} In 1999, child 1, born in 1998, was diagnosed with multiple bilateral rib fractures, a femur fracture, a skull fracture, and retinal hemorrhaging. The child's injuries were consistent with shaken baby syndrome. The father pled guilty and was convicted of attempted child endangerment for the injuries. The father was sentenced to prison and was released in November 2001. He then resumed cohabitation with the mother, and child 2 was born. A few months later, in September 2003, child 2 was admitted to the hospital with severe head injuries that were consistent with shaken baby syndrome. The father was convicted of attempted murder and various other charges. The mother was convicted of endangering children because of her failure to protect child 2, knowing the father's propensity to harm her young children, and because she violated a court order not to live with the father. Both the father and mother were sentenced to prison. The Cuyahoga County Department of Children and Family Services ("CCDCFS") placed the two children in the same foster home. *Page 4 
 {¶ 3} On September 8, 2003, CCDCFS filed a complaint alleging dependency and requesting a disposition of permanent custody of child 1, and alleging abuse and dependency and requesting a disposition of permanent custody of child 2. A motion to intervene and a motion for legal custody were filed by the maternal aunt and uncle. Several other relatives, including the appellant, filed motions for legal custody but did not file motions to intervene. The trial court held their motions in abeyance pending disposition.
 {¶ 4} A dispositional hearing was held. On February 7, 2005, the trial court denied the aunt and uncle's motion for legal custody and granted CCDCFS's prayer for permanent custody. In the trial court's findings of fact and conclusions of law, the court stated that "[b]ecause of the belief expressed by the great aunt and great uncle and the history of the extended family the Court does not believe the children could be safe without a grant of permanent custody to the department and placement with non-relatives." The court's decision was appealed, and this court affirmed the trial court's decision in In Re T.W., etal., Cuyahoga App. Nos. 86084, 86109, 86110, 2005-Ohio-6633.
 {¶ 5} On August 4, 2006, appellant filed a pro se motion to modify custody. On August 11, 2006, appellant filed, with the benefit of counsel, a motion to suspend the adoption proceedings of the children. On August 12, 2006, CCDCFS filed a brief in opposition, and on January 3, 2007, CCDCFS filed a notice of adoption with the trial court. *Page 5 
 {¶ 6} After several hearings, the trial court denied appellant's motion to suspend the adoption proceedings and overruled appellant's motion to modify custody. The trial court found that appellant had failed to serve the children's guardian ad litem, who is a necessary party, and, therefore, the action was never properly commenced according to law. The trial court also found that it lacked authority to suspend the adoption proceedings commenced in probate court. Appellant timely appealed the trial court's decision.
 {¶ 7} As an initial matter, CCDCFS argues that appellant lacks standing to appeal the trial court's decision because appellant never filed a motion to intervene and was never made a party to the action. Although appellant failed to file a motion to intervene and was never expressly made a party, by entertaining appellant's motions, the trial court implicitly permitted appellant to join, or intervene, in the action after judgment. See Davis v. Davis (1998), 131 Ohio App.3d 686,689 fn. 1. As a result, appellant has standing to appeal.
 {¶ 8} Appellant advances four assignments of error for our review.
 {¶ 9} "I. The lower court erred to the prejudice of appellant in failing to recognize the due process requirement in favor of appellant."
 {¶ 10} "II. The lower court erred to the prejudice of appellant in that it failed to recognize that the juvenile court has a continuing jurisdiction to stay adoption proceedings in probate court." *Page 6 
 {¶ 11} Under these two assignments of error, appellant argues that the probate court should have refrained from proceeding with the adoption petition until juvenile court held a hearing on appellant's motion to modify custody. Appellant argues that her due process rights, as a grandmother, were violated.
 {¶ 12} It is well established that the original and exclusive jurisdiction over adoption proceedings is vested in the probate court.In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, citing,State ex rel. Portage Cty. Welfare Dept v. Summers (1974),38 Ohio St.2d 144, paragraph two of the syllabus. A probate court "`has jurisdiction to hear and determine an adoption proceeding relating to a minor child notwithstanding the fact that the custody of such child is at the time within the continuing jurisdiction of a divorce court'" or juvenile court. Id., quoting In re Adoption of Biddle (1958), 168 Ohio St. 209, paragraph two of the syllabus. See, also, In re Adoption ofHitchcock (1996), 120 Ohio App.3d 88, 103-104.
 {¶ 13} Appellant cites Pushcar for the proposition that the juvenile court should have enjoined the adoption proceedings in probate court.
 {¶ 14} In Pushcar, the stepfather was attempting to adopt his stepdaughter. Pushcar filed a petition for adoption in probate court pursuant to R.C. 3107.07(A), which provides that a parent's consent to adoption is not required if the parent has failed, without justifiable cause, to communicate with the minor or to provide for the maintenance and support of the minor for at least one year immediately preceding the filing of the adoption petition. Pushcar alleged nonsupport by the child's alleged *Page 7 
biological father. The child's alleged biological father opposed the petition in probate court. In addition, an action to allocate residential placement and legal custody of the child was pending in juvenile court. Juvenile court was waiting for the results of DNA testing to establish paternity. The Supreme Court of Ohio held that "when an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child." Id. at syllabus (emphasis added). The court reasoned that the ability of a court to dispense with the consent requirement under R.C. 3107.07(A) is dependent upon the establishment of the parent-child relationship. Since paternity had not been established, Pushcar could not meet his burden of proving by clear and convincing evidence that the exception to the consent requirement under R.C.3107.07(A) was satisfied. As a result, the court stated that "the probate court should have deferred to the juvenile court and refrained from proceeding with the adoption petition until the juvenile court had adjudicated the pending matter." Id.
 {¶ 15} We find Pushcar to be inapplicable to the case at bar. Here, the issue of parenting was resolved on February 7, 2005. Both the father's and the mother's parental rights were terminated, and permanent custody was awarded to CCDCFS. Therefore, a ruling by the juvenile court on the issue of parentage was not needed to proceed with the adoptions.
 {¶ 16} We also note that appellant did not request a stay in probate court but rather wanted the juvenile court to enjoin the probate court. However, "the *Page 8 
continuing jurisdiction of the juvenile court does not present a jurisdictional bar to adoption proceedings in the probate court. R.C. Chapter 3107 vests exclusive jurisdiction over adoption proceedings in the probate court. In re Adoption of Biddle (1958), 168 Ohio St. 209. If a court has exclusive jurisdiction over a proceeding, it is difficult to imagine how another court may divest it of the authority to hear such a proceeding." State ex rel. Hitchcock v. Cuyahoga Cty. Court of CommonPleas, Probate Div. (1994), 97 Ohio App.3d 600, 609. Accordingly, the juvenile court did not have the authority to enjoin the adoption proceedings.
 {¶ 17} Finally, the law does not provide grandparents with inherent legal rights based simply on the family relationship. In reWhitaker (1988), 36 Ohio St.3d 213, 215. Although, the natural parents have a fundamental right to the care and custody of their children, grandparents do not. In re Adoption of Masa (1986), 23 Ohio St.3d 163,165, citing Santosky v. Kramer (1982), 455 U.S. 745, 753. In reWhitaker (1988), 36 Ohio St.3d 213, 215. As a result, appellant's due process argument is without merit.
 {¶ 18} Appellant's first and second assignments of error are overruled.
 {¶ 19} "III. The lower court erred to the prejudice of appellant by failing to resolve in favor of the grandparent/appellant the lack of notice as to failure of legal service on the parties."
 {¶ 20} Under this assignment of error, appellant argues that she cannot be held responsible for the error of failing to serve the guardian ad litem; she blames *Page 9 
the clerk's office. Further, she argues that she is pro se and any error on her part should be overlooked.
 {¶ 21} Initially, we note that in Ohio, pro se litigants are presumed to have knowledge of the law and of correct legal procedure, and are held to the same standard as all other litigants. Barry v. Barry,169 Ohio App.3d 129, 133, 2006-Ohio-5008. As a result, we cannot overlook appellant's failure to serve the guardian ad litem.
 {¶ 22} Juv.R. 20 provides that motions must be served on each of the parties. The guardian ad litem is a party to the proceedings in juvenile court. See Juv.R. 2(Y). Both Juv.R. 20(C) and Civ.R. 5(D) state in mandatory terminology that papers filed without proof of service "shall not" be considered. "The rules governing the filing and service of motions in the juvenile court are designed to safeguard the due process rights of all the litigants by creating an orderly procedure to ensure adequate notice to all interested persons." In the Matter of Rose (May 21, 1992), Cuyahoga App. No. 62493. Accordingly, as in other civil cases, service must be made on all parties when a written pleading or other paper is filed in the action; otherwise, the pleading or other paper shall not be considered by the juvenile court. Id.; see, also,Shuster v. Sawhill (Dec. 18, 1986), Cuyahoga App. No. 51308 (affirming the judgment of the trial court, striking defendant's answer and counterclaim filed with the trial court without a certificate of service pursuant to Civ.R. 5(D)). *Page 10 
 {¶ 23} Further, this court has previously held that compliance with the statutory mandates set forth in R.C. Chapter 2151, et seq., and the rules of juvenile procedure governing the filing and service of motions will be strictly enforced. In the Matter of Fleming (July 22, 1993), Cuyahoga App. No. 63911. Here, appellant failed to serve the children's guardian ad litem. Therefore, the juvenile court properly overruled appellant's motion to modify custody because the action was not properly commenced. Accordingly, appellant's third assignment of error is overruled.
 {¶ 24} "IV. The lower court erred to the prejudice of appellant/grandparent in failing to properly recognize the best interest of the minor pursuant to that definition under the juvenile code of Ohio."
 {¶ 25} Under this assignment of error, appellant argues that the trial court did not consider the best interest of the children when it overruled appellant's motion for legal custody.
 {¶ 26} As stated previously, appellant did not properly commence an action for custody. In addition, the best interest of the children was previously determined and affirmed by this court in In Re T.W., et.al., Cuyahoga App. Nos. 86084, 86109, 86110, 2005-Ohio-6633. When granting permanent custody to CCDCFS, the trial court specifically stated that "[b]ecause of the belief expressed by the great aunt and great uncle and the history of the extended family the Court does not believe the children could be safe without a grant of permanent custody to the department and placement with non-relatives." (Emphasis added.) Finally, the adoption proceeding *Page 11 
was commenced in probate court, and the jurisdiction of juvenile court over custody does not impinge on the jurisdiction of a probate court considering an adoption petition. In re Adoption of Stojkov, (Feb. 15, 2002), 11th Dist. Nos. 2001-T-0114 and 2001-T-0115. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases. *Page 1