Lanzinger, J.,
dissenting.
{¶ 36} I respectfully dissent based on the statutes as currently written; however, I do not agree with Chief Justice Brown that In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, has no application here.
{¶ 37} A “putative father” is “a man, including one under age eighteen, who may be a child’s father and to whom all of the following apply:
{¶ 38} “(1) He is not married to the child’s mother at the time of the child’s conception or birth;
{¶ 39} “(2) He has not adopted the child;
{¶ 40} “(3) He has not been determined, prior to the date a petition to adopt the child is filed, to have a parent and child relationship with the child by a court *245 proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code, a court proceeding in another state, an administrative agency proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code, or an administrative agency proceeding in another state;
{¶ 41} “(4) He has not acknowledged paternity of the child pursuant to sections 3111.21 to 3111.35 of the Revised Code.” (Emphasis added.) R.C. 3107.01(H).
{¶ 42} A putative father’s consent to an adoption of a minor child is required unless (1) he has failed to register as the minor’s putative father with the Putative Father Registry established under R.C. 3107.062 not later than 30 days after the minor’s birth or (2) he has willfully abandoned or failed to care for and support the minor or willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor’s placement in the home of the petitioner, whichever occurs first. R.C. 3107.06(C) and 3107.07(B).
{¶ 43} Although Otten filed a parentage action to determine whether he had a parent-child relationship with P.A.C., that action had not concluded when the adoption petition was filed. Therefore, under the plain language of R.C. 3107.01(H), Otten remains within the definition of “putative father” and his consent is not required because he failed to timely register as a putative father. R.C. 3107.07(B)(1).
{¶ 44} Although Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, requires that the adoption proceedings be stayed during the juvenile court proceeding, that does not change the fact that Otten’s consent is not required. Even though the stay allowed the juvenile court to determine that Otten is P.A.C.’s father, R.C. 3107.06(B) states that a father’s consent to the adoption must be obtained only if the father satisfies one of the following:
{¶ 45} “(1) The minor was conceived or born while the father was married to the mother;
{¶ 46} “(2) The minor is his child by adoption;
{¶ 47} “(3) Prior to the date the petition was filed, it was determined by a court proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code, a court proceeding in another state, an administrative proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code, or an administrative proceeding in another state that he has a parent and child relationship with the minor;
{¶ 48} “(4) He acknowledged paternity of the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code.”
*246 {¶ 49} Again, because Otten’s parentage was not determined prior to the filing of the adoption petition, his consent as a father is not required under R.C. 3107.06(B).
{¶ 50} This does not mean, however, that Pushcar has no application here. Before an adoption petition may be granted, the probate court must determine whether the adoption is in the best interest of the minor. R.C. 3107.14(C). Knowing who the biological father is may affect this decision. Therefore, a Pushcar stay of the adoption proceeding to allow a previously filed parentage action to conclude is not futile. Even if a putative father’s consent is not required, the ultimate issue is what is in the best interest of the minor. The fact that consent is not required is not a fait accompli as to whether the petition should be granted.
{¶ 51} For the foregoing reasons, I would affirm the judgment of the First District Court of Appeals.