Brown, C.J.,
dissenting.
{¶ 11} Before a child can be adopted, R.C. 3107.06 requires that certain persons and entities consent to the adoption. These persons include the mother of the child, the father of the child, and, if applicable, the putative father of the child. R.C. 3107.06. R.C. 3107.01(H) defines “putative father”[1] and R.C. 3107.06(B) defines “father”[2] for the purposes of the adoption statutes.
{¶ 12} Although consent is generally required from the persons enumerated in R.C. 3107.06, R.C. 3107.07 sets forth exceptions to the consent requirements. R.C. 3107.07(A) allows a court to find parental consent unnecessary when the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the *253 minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner.
{¶ 13} Under R.C. 3107.07(B)(1), a putative father’s consent is unnecessary when he fails to register as the minor’s putative father with the Putative Father Registry not later than 30 days after the minor’s birth. R.C. 3107.07(B)(2) states that a putative father’s consent is not required when the court finds, after proper service of notice and hearing, that the putative father (1) is not the father of the minor, (2) has willfully abandoned or failed to care for and support the minor, or (3) has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor or the minor’s placement in the home of the petitioner, whichever occurs first.
{¶ 14} In the ease before us, the primary issue is whether appellee Benjamin Wyrembek’s consent to the adoption is required. It is undisputed that Wyrem-bek timely registered with the Putative Father Registry. Accordingly, R.C. 3107.07(B)(2) should be applied to Wyrembek to determine whether his consent to the adoption is necessary.
{¶ 15} In order to require the probate court to use the more exacting standards of R.C. 3107.07(A) in determining whether his consent is necessary, rather than the less stringent standards of R.C. 3107.07(B)(2), Wyrembek seeks to change his status in the adoption proceeding from putative father to father based on a finding made after the adoption petition was filed. Wyrembek contends that if a judicial proceeding to establish paternity has been filed in juvenile court prior to the filing of an adoption petition in probate court, the adoption proceeding must be stayed until the paternity proceedings are completed. Wyrembek further contends that the juvenile court’s paternity determination must be used by the probate court to determine the status and rights of the respective parties in the adoption proceeding.
{¶ 16} The majority agrees with Wyrembek and holds that the adoption proceedings must be stayed pending completion of the juvenile court paternity proceedings, that the juvenile court’s finding of paternity must be recognized by the probate court, and that Wyrembek’s new status as “father” rather than “putative father” requires that the probate court apply the consent-to-adoption exception contained in R.C. 3107.07(A). In so holding, the majority fails to apply the unambiguous language of the relevant adoption statutes, erroneously relies on In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, and contravenes the express adoption policy established by the General Assembly.
Statutory language
{¶ 17} The majority’s opinion ignores the unambiguous statutory language that requires that participants’ status be determined at the time an adoption petition is filed.
*254 {¶ 18} The definition of “putative father” specifically provides that a man is a putative father if “[h]e has not been determined, prior to the date a petition to adopt the child is filed, to have a parent and child relationship” with the child through a court or administrative proceeding. (Emphasis added.) R.C. 3107.01(H). Similarly, the definition of “father” under R.C. 3107.06(B)(3) provides that to establish a parent-child relationship through court or administrative proceedings, the court or administrative determination must be completed “[p]ri- or to the date the [adoption] petition was filed.” In other words, when an adoption petition is filed, the statutes require the status of the parties involved to be ascertained at that time.
{¶ 19} The statutes are absolutely clear that the child may be adopted without a putative father’s consent when he fails to register with the Putative Father Registry or to establish a parent-child relationship through one of the judicial or administrative means set forth in R.C. 3107.06(B) before the adoption petition is filed. The statutes also are absolutely clear that consent is required from a putative father who timely registers with the Putative Father Registry unless the exception set forth in R.C. 3107.07(B)(2) applies. Nothing in the adoption statutes provides for a stay of the adoption proceedings to allow for the filing of or completion of pending actions to establish paternity.

Pushcar

{¶ 20} The majority relies upon this court’s previous decision in In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, to support its holding in this case. But the majority’s reliance on Pushcar is misplaced.
{¶ 21} Pushcar addressed the need for a stay of adoption proceedings when the party petitioning for adoption relies on R.C. 3107.07(A) to divest a father of his parental rights. This court held that in order for the R.C. 3107.07(A) exception to consent to apply, the petitioner must prove paternity, and a stay of the adoption proceeding was necessary to allow for the juvenile court to complete the proceedings to establish paternity. The adoption petition in this case did not allege that Wyrembek’s consent was not required under R.C. 3107.07(A), but instead asserted that Wyrembek’s consent was unnecessary based upon R.C. 3107.07(B). Therefore, there is no need to establish paternity for the purposes of R.C. 3107.07(A) and the reasoning of Pushcar is inapplicable to the facts currently before the court.
{¶ 22} More importantly, Pushcar failed to address the relevant statutory language of the adoption statutes regarding the time at which a participant’s status is determined and was based in large part upon this court’s decision in In re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127, 585 N.E.2d 418, which was decided prior to the creation of the Putative Father Registry and the enactment of the accompanying amendments to the adoption statutes. Am.Sub.H.B. No. *255 419, 146 Ohio Laws, Part III, 4660. In Sunderhaus, this court found that the ability of a court to dispense with the consent requirement under R.C. 3107.07(A) is dependent upon the establishment of a parent-child relationship and that establishing the parent-child relationship requires a judicial ascertainment of paternity. Id. at 130, 585 N.E.2d 418.
{¶ 23} This analysis is consistent with the statutory scheme in place at the time.[3] At the time Sunderhaus was decided by this court, the only statutorily available method for an unwed biological father to establish a parent-child relationship was through a judicial proceeding. By relying on Sunderhaus, Pushcar failed to recognize that new, alternative statutory methods existed for an unwed biological father to establish a parent-child relationship in addition to a judicial determination.
{¶ 24} The Pushcar majority’s reliance on Sunderhaus is further called into question given the unclear nature of the facts of Pushcar. Pushcart facts suggest that the natural father already had an established parent-child relationship prior to the filing of the juvenile court proceedings. Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647 at ¶ 1, 4. It is also unclear in Pushcar whether the juvenile court proceeding was initiated to establish a parent-child relationship judicially or to enforce the natural father’s visitation rights based upon his established parent-child relationship. Id.
{¶ 25} Because the analysis of Pushcar fails to address the relevant statutory provisions, relies upon Sunderhaus, and is based on factual circumstances that are unclear from the opinion, I find that Pushcar' s holding is of limited value and should not be extended beyond the R.C. 3107.07(A) context.
The General Assembly’s adoption policy
{¶ 26} The majority’s holding is also contrary to the public policy clearly expressed in the current adoption statutes. Justice Cupp’s dissent correctly sets forth the legislative history and objectives of the 1996 amendments to Ohio’s adoption statutes.
{¶ 27} The express legislative direction contained within the adoption statutes requires determination of the status of the participants at the time the adoption petition is filed. This advances the goals of the 1996 amendments to the adoption statutes by avoiding the delays inherent in allowing ancillary litigation regarding status to complete before considering the adoption petition. While the majority may disagree with the statutory scheme and its potentially harsh result in these *256 circumstances, it is not this court’s place to disregard clear statutory language to come to a result that the majority finds more equitable in this case. This court should respect the policy decisions made by the General Assembly in enacting the amended adoption statutes and apply the statutory language as written.
Conclusion
{¶ 28} Wyrembek timely registered with the Putative Father Registry, but failed to establish a parent-child relationship before the adoption petition was filed. Therefore, Wyrembek is a putative father for the purposes of the adoption proceedings. The probate court should have conducted a hearing to determine whether Wyrembek’s consent was necessary in accordance with R.C. 3107.07(B)(2). Staying the probate court’s adoption proceedings for a juvenile court proceeding to establish paternity is inappropriate in light of the clear directive of the adoption statutes and unnecessarily delays adoption proceedings contrary to the intent of the General Assembly.
{¶ 29} For the foregoing reasons, I would reverse the judgment of the Sixth District Court of Appeals and remand the cause for further consideration.

. {¶ a} A “putative father” is defined as a man who may be a child’s father and to whom all of the following apply:
{¶ b} “(1) He is not married to the child’s mother at the time of the child’s conception or birth;
{¶ c} “(2) He has not adopted the child;
{¶ d} “(3) He has not been determined, prior to the date a petition to adopt the child is filed, to have a parent and child relationship with the child by a court proceeding pursuant to sections 3111.01 to 3111.18 of the Revised Code [parentage statutes], a court proceeding in another state, an administrative agency proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code [administrative-determination-of-paternity statutes], or an administrative agency proceeding in another state;
{¶ e} “(4) He has not acknowledged paternity of the child pursuant to sections 3111.21 to 3111.35 of the Revised Code.” (Emphasis added.) R.C. 3107.01(H).

. {V a} A “father” is a man to whom any of the following apply:
{¶ b} “(1) The minor was conceived or born while the father was married to the mother;
{¶ c} “(2) The minor is his child by adoption;
{¶ d} “(3) Prior to the date the petition was filed, it was determined by a court proceeding-pursuant to sections 3111.01 to 3111.18 of the Revised Code [parentage statutes], a court proceeding in another state, an administrative proceeding pursuant to sections 3111.38 to 3111.54 of the Revised Code [administrative-determination-of-paternity statutes], or an administrative proceeding in another state that he has a parent and child relationship with the minor;
{¶ e} “(4) He acknowledged paternity of the child and that acknowledgment has become final pursuant to section 2151.232, 3111.25, or 3111.821 of the Revised Code.” (Emphasis added.) R.C. 3107.06(B).

. At the time, R.C. 3107.06 provided that a father’s consent to adoption was required “if the minor was conceived or born while the father was married to the mother, if the minor is his child by adoption, or if the minor has been established to be his child by a court proceeding.” Am.Sub.H.B. No. 790,142 Ohio Laws, Part III. 5323. 5333.