[Cite as *In re Adoption of J.B.B.* , 2011-Ohio-1653.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | |
|---|---|
| IN THE MATTER OF: | : |
| | : Case No. 09CA3335 |
| THE ADOPTION OF J.B.B. | : **Released: March 30, 2011** |
| | : |
| | : DECISION AND JUDGMENT |
| | : ENTRY |
| | : |

_____

APPEARANCES:

Valerie M. Webb, Southeastern Ohio Legal Services, Portsmouth, Ohio, and
Douglas L. Rogers, Ohio State Legal Services Association, Columbus, Ohio,
for Appellant.

Appellees Billie J. Williams and Steven R. Williams did not enter an
appearance.

_____

McFarland, J.:

{¶1} Appellant, Monica Burton, appeals the Scioto County Probate
Court's decision that denied her request to appoint counsel in the adoption
proceeding involving her minor child, J.B.B.  She argues that the trial court
erred by denying her request for counsel.  We find that the issue is not ripe
for adjudication, because a parenting issue remains pending in the juvenile
court.  Consequently, until the juvenile court resolves that issue, the probate
court must refrain from exercising jurisdiction.  Because resolution of the
juvenile court proceeding may render the probate court proceeding moot, the

issue regarding appellant's right to counsel may never come to fruition.

Accordingly, appellant's assignment of error is not ripe for review.

I.

FACTS

{¶2} In 2007, appellant's child became the subject of an abuse, neglect, and dependency action. Appellant subsequently agreed to place the child in the custody of her cousin, Billie J. Williams. On September 3, 2009, appellant filed a motion in juvenile court to request parenting time with her child.[1]

{¶3} Less than two weeks later, appellees, Billie J. Williams and Steven R. Williams, filed a petition to adopt appellant's child. Appellees then sought and obtained a stay of the juvenile court proceeding. Appellant subsequently objected to the adoption proceeding and also filed a motion requesting the probate court to appoint counsel to represent her in the adoption proceeding.

{¶4} On November 18, 2009, the trial court denied appellant's request to appoint counsel.

II.

ASSIGNMENTS OF ERROR

---

[1] We obtained this information from appellant's merit brief. Appellees failed to file an appellate brief in this matter, and we have consequently accepted appellant's statement of facts. See App.R. 18(C).

{¶5} Appellant timely appealed the trial court's judgment and raises one assignment of error:

"IT WAS ERROR FOR THE PROBATE COURT IN THE ADOPTION PROCEEDING TO DENY APPELLANT'S REQUEST FOR APPOINTMENT OF COUNSEL."

III.

{¶6} In her sole assignment of error, appellant asserts that the trial court erred by denying her motion that requested the court to appoint counsel in the adoption proceeding.

{¶7} Before we can review appellant's assignment of error, we must sua sponte raise an issue regarding our jurisdiction to consider her assignment of error. Section 4(B), Article IV of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by the law." "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526 (Douglas, J., concurring in part and dissenting in part), citing *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97-98, 296 N.E.2d 261; see, also, *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, 797

N.E.2d 964, ¶26 ("In order to be justiciable, a controversy must be ripe for review."). We must raise justiciability sua sponte. See *Stewart v. Stewart* (1999), 134 Ohio App.3d 556, 558, 731 N.E.2d 743, citing *Neiderhiser v. Borough of Berwick* (C.A.3, 1988), 840 F.2d 213, 216.

{¶8} To determine whether an issue is ripe for judicial review, the court must weigh: (1) the likelihood that the alleged future harm will ever occur; (2) the likelihood that delayed review will cause hardship to the parties; and (3) whether the factual record is sufficiently developed to provide fair adjudication. *Ohio Forestry Assn., Inc. v. Sierra Club* (1988), 523 U.S. 726, 731-733, 118 S.Ct. 1665, 140 L.Ed.2d 921. Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." *Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406.

{¶9} In the case at bar, we find the issue regarding appellant's right to counsel in the adoption proceeding is not ripe for review. Instead, it appears to rest upon a future event that may not occur as anticipated, or may not occur at all. A juvenile court proceeding involving appellant's parenting time with the child has not been concluded. Resolution of the juvenile court matter may render the adoption proceeding moot, in which case, appellant's alleged right to counsel in the adoption proceeding would not be an issue. Thus, we find it prudent to refrain from issuing what would, in effect, be an

advisory opinion regarding appellant's alleged right to counsel in the adoption proceeding unless and until the juvenile court proceeding is properly concluded.[2]

{¶10} We observe that the juvenile court stayed its proceedings pending resolution of the adoption proceeding. However, the Supreme Court of Ohio has explicitly stated that a probate court *must* refrain from proceeding with the adoption of a child when an issue concerning the parenting of that child is at issue in the juvenile court. *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236, at ¶1; *In re Adoption of Pushcar,* 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647 at ¶ 8. Thus, pursuant to the explicit language of *P.A.C.* and *Pushcar*, until the juvenile court case is resolved, the probate court is prohibited from proceeding with the adoption petition.[3]

---

[2] In reviewing the filings in the adoption case, it appears as though appellees were granted permanent custody of appellant's child. If true, it is questionable whether appellant has any rights to assert in the adoption proceeding. See R.C. 2151.011(B)(30) ("'Permanent custody' means a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations."). However, due to the nature of the potential parental rights involved, we find it wise for this matter to be returned to the juvenile court for resolution before the probate court proceeds with the adoption petition. Our decision is not to be construed as our opinion on the merits.

[3] We are aware that the probate court's decision is not void due to lack of subject matter jurisdiction, but rather, is voidable due to lack of jurisdiction over the particular case. See, e.g., *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. A party ordinarily waives the right to attack a voidable judgment if the party fails to question the validity of the judgment in a timely manner. See, e.g., id. However, in the case at bar, to the extent necessary, we sua sponte recognize the probate court's assertion of jurisdiction in this case as plain error. We have previously sua sponte recognized plain error in matters involving parental rights. See *In re McCain,* Vinton App. No. 06CA654, 2007-Ohio-1429; see, also, *In re E.P.*, Wood App. No. WD-09-070, 2010-Ohio-3529. In the case at bar, we believe that it would be a manifest injustice to allow the adoption petition to proceed when a parental rights issue remains outstanding.

{¶11} Accordingly, based upon the foregoing reasons, we find that because appellant's assignment of error is not ripe for review, we lack a justiciable controversy to consider. As such, we reverse the probate court's judgment and remand with instructions to the probate court to stay its proceedings in accordance with *Pushcar* and *P.A.C.*

**JUDGMENT REVERSED AND THE CAUSE REMANDED.**

Harsha, P.J., concurring in judgment only.

{¶12} I agree with the majority that the probate court did not have the authority to move forward with the adoption proceeding while an issue of parenting remained unresolved in the juvenile court. See *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236 and *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647. However, rather than find appellant's assignment of error not yet ripe for review, I would reverse the probate court's judgment based on an error in the exercise of its jurisdiction and remand with instructions to comply with *P.A.C.* and *Pushcar*. In other words, order the probate court to vacate all of its actions taken after the filing of the petition and to stay any further proceedings until the juvenile court has resolved all issues concerning parenting before it.

Kline, J., dissenting.

{¶13} I respectfully dissent because, in my view, the appellant's motion in the juvenile court does not involve an issue concerning parenting. That is, the appellant's motion does not relate to the act or process of becoming a parent.

{¶14} I acknowledge that, "[w]hen an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child." *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, syllabus. But as used in *Pushcar*, I believe that "parenting" means "the act or process of becoming a parent." Webster's Third New International Dictionary, Unabridged (2002). I base this interpretation on the juvenile-court proceedings that actually occurred in *Pushcar* and *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351. In both of these cases, determinations of paternity were the relevant issues pending in the juvenile courts. See *Pushcar* at ¶¶4, 12-14; *P.A.C.* at ¶¶3-4, 9-13. Therefore, in both cases, the juvenile courts had to determine whether the alleged fathers would, indeed, *become parents* under the law. See, also, *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349 (applying *Pushcar* in a paternity-determination case). But here, the juvenile court is not being called upon to make a paternity determination. And because the juvenile-court proceedings do not involve an issue concerning the act or

process of becoming a parent (i.e., parenting), I would not apply the holding in *Pushcar* to the present case.

{¶15} Furthermore, I see problems with applying *Pushcar* in this type of situation, and I believe that these problems support my interpretation of the word "parenting." First, the juvenile-court proceedings are irrelevant to the Williamses' adoption petition. In their petition to adopt J.B.B., the Williamses asserted that the appellant's consent was not required because of R.C. 3107.07(A). Under R.C. 3107.07(A), "[c]onsent to adoption is not required of * * * [a] parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." J.B.B. was placed in the Williamses' home on October 16, 2007, and the Williamses filed their adoption petition on September 14, 2009. Thus, under R.C. 3107.07(A), the relevant time periods are either (1) the year before October 16, 2007, or (2) the year before September 14, 2009. And in the present case, the juvenile court *cannot make any order* that would affect the probate court's analysis of the appellant's conduct during the

relevant time periods.  The appellant's future visitation with J.B.B. has *no bearing* on issues that the probate court must consider under the adoption statutes.

{¶16} Thus, the present case is unlike *Pushcar*.  In *Pushcar*, the juvenile-court proceedings *would have* affected the probate court's analysis under the adoption statutes.  As the court found, "The requisite one-year period set forth in the statute could not begin to run until a judicial ascertainment of paternity – a matter unresolved when the appellant filed his adoption petition."  *Pushcar* at ¶14.  See, also, *G.V.* at ¶4 ("The [probate] court concluded that the one-year period could not begin to run against [the appellee] until his paternity had been established[.]"); *P.A.C.* at ¶4 ("The probate court stayed the adoption proceedings pending a determination in the parentage action.  The juvenile court determined that [the appellant] was the biological father of P.A.C.  The probate court lifted its stay, determined that a parent * * * did not consent to the adoption[,] and dismissed [the appellee's] adoption petition.").  Therefore, the Supreme Court of Ohio based its *Pushcar* holding on the necessity of determining paternity for the purpose of applying the adoption statutes – i.e., a parenting issue.  There are no similar issues related to the appellant's motion for visitation.

{¶17} Furthermore, in my view, applying *Pushcar* to the present case has troubling implications for adoptions in general.  If a motion for visitation

can stay adoption proceedings, what is to stop the appellant from filing motion after motion in the juvenile court? In effect, a natural parent could indefinitely delay adoption proceedings by filing numerous motions that are unrelated to the probate court's adoption analysis. This result would frustrate the twin goals of "providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner." *In re Adoption of Zschach* (1996), 75 Ohio St.3d 648, 651 (internal citation omitted).

{¶18} Accordingly, for the foregoing reasons, I cannot agree that a motion for visitation is a "parenting issue" as contemplated by *Pushcar*. Rather, I would find that parenting issues are issues related to the act or process of becoming a parent. Therefore, I believe that the probate court can move forward with the adoption proceedings, and I would address the appellant's arguments.

{¶19} Finally, I believe that this case presents an excellent opportunity for the Supreme Court of Ohio to clarify the holding in *Pushcar*.

{¶20} Accordingly, I dissent.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellees costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J.: Concurs in Judgment Only with Opinion.
Kline, J.: Dissents with Dissenting Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**