Miller, Judge.
{¶ 1} Appellants A.R. and M.C. appeal from the judgment of the Hamilton County Probate Court dismissing their petition to adopt G.A.R. G.A.R.'s biological and legal father, C.B., is the appellee. We affirm.
{¶ 2} Juvenile courts and probate courts both possess original jurisdiction over child custody and parental rights issues. This case presents us with issues that arise when those jurisdictions intersect. That occurred here where a putative *100 father commenced proceedings in juvenile court to establish his paternity and obtain custody of his newborn son. After juvenile court proceedings had commenced, potential adoptive parents, who possessed physical custody of the child, sought to adopt him in probate court. We hold that the probate court should have immediately stayed the adoption action upon its filing because the putative father's paternity action was pending; once paternity is established, any adoption without consent of the father must be commenced under Division A of R.C. 3107.07 ; and when a juvenile court proceeding regarding custody of a child is first in time, a probate court must refrain from exercising its jurisdiction over an adoption proceeding regarding the same child until the juvenile court custody proceeding is terminated.
Facts and Procedural Posture
{¶ 3} This case presents what is sure to have been and continues to be a heart-wrenching experience for all parties involved. A.R. and M.C. wish to adopt G.A.R. and have gone to great lengths to do so. We do not doubt that they want to provide a loving home for G.A.R. G.A.R.'s father, on the other hand, wants the opportunity to raise his son. In his custody petition in the juvenile court, C.B. wrote that "the reason I want my son back is because he is my blood. I want to have an unbreakable bond with him. My dad wasn't there for me, which makes me want to be a better father to my son. I want to tell him right from wrong. I want to change his dirty diapers. And teach him how to talk to girls. Most of all I want to be my son's hero."
{¶ 4} G.A.R. was born on May 30, 2015. Shortly thereafter, his mother, who was unmarried at the time of G.A.R.'s birth, permanently surrendered him to the custody of Adoption Professionals, LLC, ("Adoption Professionals"). Adoption Professionals placed G.A.R. with A.R. and M.C. for possible adoption.
{¶ 5} No father was listed on G.A.R.'s birth certificate. C.B. immediately registered with Ohio's putative father registry. On July 20, 2015, he commenced paternity and custody proceedings in the Hamilton County Juvenile Court. In the juvenile court proceedings, C.B. claimed that he was the biological father of G.A.R. and sought full custody of him.
{¶ 6} On September 16, 2015, A.R. and M.C. filed a petition with the Hamilton County Probate Court to adopt G.A.R. In the petition, A.R. and M.C. disclosed the pending custody and paternity proceedings. They claimed that C.B.'s consent to the adoption was unnecessary because, as a putative father, he had "willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first." See R.C. 3107.07(B)(2)(c). The consent-override provision A.R. and M.C. proceeded under expressly addressed putative fathers' rights. Another provision, R.C. 3107.07(A), sets forth a different consent-override standard for when an adoption can occur without the consent of a father who is determined to have a parent-child relationship with the child.
{¶ 7} The same day that the adoption petition was filed, the probate court set the petition for finalization hearing and ordered that notice to be given to C.B. As required by statute, the notice stated that, if C.B. wished to contest the adoption, he was required to file objections to the petition within 14 days after proof of service. It is undisputed that C.B. did not file objections in a timely manner. Almost a month after the objection deadline, C.B. moved the probate court to dismiss the *101 petition. Meanwhile, on October 19, 2015, the juvenile court entered judgment that C.B. had a parent-child relationship with G.A.R., and was his legal and biological father. The custody proceeding remained pending in the juvenile court.[1]
{¶ 8} In C.B.'s motion to dismiss below, C.B. contended, in part, that the probate court should have immediately stayed any action on the petition due to the pending paternity and custody actions in the juvenile court. Since it instead set the matter for hearing and sent notice, C.B. argued that the petition should be dismissed as a matter of law. C.B. also contended that because the juvenile court had since entered judgment finding C.B. to be the biological and legal father of G.A.R., his consent to the adoption was necessary, whereas the petition had alleged that his consent was unnecessary. A.R. and M.C. opposed C.B.'s motion and moved the court to proceed to finalization of the petition. They contended that, regardless of C.B.'s status as putative or biological father, his consent to the adoption was not required because he had failed to object to their petition within 14 days of proof of service, as required by law. See R.C. 3107.07(K).
{¶ 9} Following a hearing, the magistrate granted C.B.'s motion to dismiss. A.R. and M.C. objected. The probate court overruled their objections holding that, under In re Adoption of Pushcar , 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, the probate court should have immediately stayed the adoption proceedings, and everything that followed had been done in error. A.R. and M.C. now appeal.
Analysis
{¶ 10} In their first assignment of error, A.R. and M.C. contend that the trial court erred when it determined that it was without jurisdiction to schedule a hearing and send notice to C.B. In their second assignment of error, they contend that the probate court erred in denying their "motion to proceed to finalization" of the adoption because, A.R. and M.C. argue, C.B.'s consent to the adoption was unnecessary as he had failed to file written objections to the petition in a timely manner. We address these assignments of error together.
{¶ 11} The probate court did not hold, as A.R. and M.C. contend, that it was without jurisdiction to schedule a hearing or send notice. It is well-established that the original and exclusive jurisdiction over adoption proceedings is vested in the probate court. State ex rel. Portage Cty. Welfare Dept. v. Summers , 38 Ohio St.2d 144, 311 N.E.2d 6 (1974), paragraph two of the syllabus. The probate court instead held that, because it had failed to immediately stay the adoption proceedings as required by Pushcar , everything that followed had been done in error. It therefore dismissed the adoption petition. We affirm the trial court's judgment, albeit on slightly different grounds.
Pushcar and the Pending Paternity Action
{¶ 12} In Pushcar , 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, at syllabus, the Ohio Supreme Court held that, "When an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child." A.R. and M.C. contend that Pushcar requires *102 only that the probate court refrain from finalizing an adoption while a parenting issue is pending in juvenile court, but that it does not prohibit the probate court from setting a hearing on the merits of the petition and sending notice. Since the probate court properly set a hearing and sent notice, A.R. and M.C. argue, C.B.'s failure to file timely objections to the petition renders his consent unnecessary, as set forth in R.C. 3107.07(K). They point to State ex rel. Allen Cty. Children's Servs. Bd. v. Mercer Cty. Common Pleas Court, Probate Div. , 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, in support of their argument. In Allen Cty. , a 4-2 decision, the court held that a probate court may exercise its exclusive jurisdiction over adoption proceedings while a juvenile court is concurrently exercising continuing jurisdiction over a child custody proceeding. Id. at ¶ 1, 40-41. Allen Cty. involved an abuse, neglect, and dependency juvenile court proceeding that had already been adjudicated-not a pending paternity proceeding. The court found Pushcar to be inapplicable because, it determined, Pushcar's holding referred to pending paternity actions only. Id. at ¶ 37, 38. Allen Cty. therefore does not affect our paternity-action analysis. Its impact on the effect that C.B.'s custody proceeding had on the adoption petition will be addressed below.
{¶ 13} In regard to the paternity action, the most analogous Ohio Supreme Court case is In re Adoption of G.V. , 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, where the court applied the holding in Pushcar to a factual scenario similar to the one presented here. In that case, putative father Benjamin Wyrembek had filed a paternity action in juvenile court a few weeks before prospective adoptive parents had petitioned the probate court to adopt G.V. Id. at ¶ 2. The probate court stayed its adoption proceedings pending the outcome of the paternity action. Id. at ¶ 3. Paternity testing established that Wyrembek was G.V.'s father, and the juvenile court entered judgment to that effect. Id. The G.V. probate court subsequently determined that, because Wyrembek was G.V.'s father and had contested the adoption, the petitioners were required to proceed under the consent-override provision in R.C. 3107.07(A). Id. at ¶ 4. This division of the statute affords greater rights to a father than the rights afforded to a putative father under R.C. 3107.07(B), as petitioners must prove that a father did not have contact with or support his child for one year prior to the filing of the petition. R.C. 3107.07(A) states that consent of a father is unnecessary
when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
This one year period "which obviates the requirement to obtain parental consent to an adoption pursuant to R.C. 3107.06 commences on the date that parentage has been judicially established." In re Adoption of Sunderhaus , 63 Ohio St. 3d 127, 585 N.E.2d 418 (1992), paragraph two of the syllabus; see Pushcar , 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, at ¶ 14.
{¶ 14} Because the one year prefiling period in R.C. 3107.07(A) had not even started to run until after the petitioners had filed in G.V. , the probate court determined that the petition had been filed prematurely *103 and dismissed it. G.V. at ¶ 4, 9. The Ohio Supreme Court affirmed. It held that the probate court had properly applied Pushcar when it had stayed the proceedings pending the outcome of the paternity action. Id. at ¶ 9. Further, it upheld the probate court's dismissal of the petition as having been filed prematurely under R.C. 3107.07(A). Id. The G.V. court quoted with approval language from the probate court's decision that "[i]t must be logically assumed that the Supreme Court of Ohio intended the probate court to consider the findings of the juvenile court made while the adoption proceeding is being held in abeyance." Id.
{¶ 15} This case presents a similar scenario. C.B. commenced the paternity proceeding in the juvenile court before A.R. and M.C. had petitioned the probate court to adopt G.A.R. The juvenile court's subsequent judgment that a parent-child relationship existed between C.B. and G.A.R. changed the statutory consent requirements from those alleged in A.R. and M.C.'s petition. Because C.B. opposes the adoption of his son, A.R. and M.C., like the petitioners in G.V. , would be required to proceed under the consent-override provision in R.C. 3107.07(A). So, also like the G.V. petitioners, A.R. and M.C. filed their petition too early, as the one year prefiling time requirement in R.C. 3107.07(A) had not begun to run until after they had petitioned the probate court to adopt G.A.R. Applying G.V. to the present case, we hold that the probate court correctly dismissed A.R. and M.C.'s petition.
{¶ 16} A.R. and M.C.'s position that we should blindly apply the consent-override provision in R.C. 3107.07(K) to this case ignores the holding in G.V. that their petition should have been immediately stayed upon its filing, dismisses out-of-hand C.B.'s status as G.A.R.'s father, and under the particular facts of this case, would work an extreme injustice to a father actively pursuing custody of his son in another forum when the petition was filed. Further, even if the probate court in this case did not err by failing to immediately stay the adoption proceedings, under G.V. the court correctly dismissed A.R. and M.C.'s petition upon the juvenile court's determination that C.B. is G.A.R.'s father. The one year prefiling requirement in R.C. 3107.07(A) had not started running at the time A.R. and M.C. had filed their petition, and the petition had been filed too early as a matter of law. Upon the juvenile court's paternity determination, it became inappropriate to treat C.B. as merely a putative father under Division B of R.C. 3107.07. Since the petition was properly dismissed, C.B.'s failure to file written objections to it is of no consequence.
{¶ 17} The pending paternity proceeding, alone, is grounds for this court to affirm the probate court's dismissal of A.R. and M.C.'s petition. C.B.'s pending custody proceeding also serves as an independent basis for affirming the probate court's judgment.
The Pending Private Custody Proceeding
{¶ 18} C.B. filed an action seeking custody of his son in the juvenile court before A.R. and M.C. had petitioned the probate court to adopt G.A.R. It is well-settled that "once a court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter." In re Adoption of Asente , 90 Ohio St.3d 91, 92, 734 N.E.2d 1224 (2000) ; see John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas , 150 Ohio St. 349, 82 N.E.2d 730 (1948), paragraph three of the syllabus (holding that "When a court of competent jurisdiction acquires jurisdiction of the subject matter of an action, its authority continues *104 until the matter is completely and finally disposed of, and no court of coordinate jurisdiction is at liberty to interfere with its proceedings.").
{¶ 19} A.R. and M.C. seem to contend that the court's decision in Allen Cty. would have allowed the probate court to proceed with G.A.R.'s adoption while C.B.'s custody action was pending in juvenile court. We find this argument to be without merit.
{¶ 20} The holding in Allen Cty. turned on the court's interpretation of the abuse, neglect and dependency statutes-including R.C. 2151.353(A) and 2151.353(F)(1) -which implicitly allow for the adoption of a child who has been adjudicated abused, neglected or dependent and for whom the juvenile court has issued a dispositional order. Allen Cty. , 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, at ¶ 21-23. Those statutes do not apply here. C.B.'s custody case is a private custody action pursuant to R.C. 2151.23(A)(2). In a private custody action brought by a parent, the juvenile court determines custody under R.C. 3109.04. See R.C. 2151.23(F)(1) and 3109.04(A). Even if we were to read the Allen Cty. holding broadly without reference to the code sections cited in support of it, because the juvenile court in this case had not issued a judgment at the time that A.R. and M.C. had petitioned the probate court to adopt G.A.R. the issue of G.A.R.'s custody was not within the continuing jurisdiction of the juvenile court, but rather was being actively litigated.
{¶ 21} Consequently, we hold that the probate court in this case properly dismissed A.R. and M.C.'s adoption petition due to the pending custody proceeding, filed prior to A.R. and M.C.'s petition to adopt G.A.R.
Conclusion
{¶ 22} We overrule both of A.R. and M.C.'s assignments of error. The probate court should have immediately stayed the adoption proceedings pending the outcome of C.B.'s juvenile court paternity action, which had been filed prior to the adoption petition. Once the juvenile court entered judgment that C.B. had a parent-child relationship with G.A.R., A.R. and M.C.'s petition failed to meet the one year prefiling requirement under R.C. 3107.07(A). The probate court therefore properly dismissed it under G.V. The probate court's judgment dismissing the action was also correct due to C.B.'s pending private custody action in the juvenile court, which had also been filed prior to A.R. and M.C.'s petition to adopt G.A.R. A later filed adoption petition may not proceed until the custody action is resolved. The judgment of the probate court is affirmed.
Judgment affirmed.
Mock, P.J., and Deters, J., concur.

Adoption Professionals moved the juvenile court to dismiss father's custody petition for lack of jurisdiction. The juvenile court denied the motion. Adoption Professionals appealed that judgment to this court in the appeal numbered C-160448. We consolidated that appeal with the present one-ultimately dismissing the appeal from the juvenile court by entry for lack of a final order.