[Cite as *Ball v. Meier*, 2012-Ohio-5864.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

LARAMI BALL

    Appellee

    v.

DUSTIN MEIER

    Appellant

C.A. Nos.    26079
                26109

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2010-04-1241

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

---

MOORE, Judge.

**{¶1}** Father, Dustin Meier, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands this matter for further proceedings consistent with this opinion.

I.

**{¶2}** Father and Larami Ball ("Mother") have one child in common, ("L.M."), who was born in 2005, while Mother and Father resided together in California. A short time after L.M. was born, Mother and Father ended their relationship, and Father commenced court proceedings in California regarding his and Mother's respective parenting rights. The proceedings culminated in orders issued by the California court in 2006 and 2007. These orders provided that the parties would share joint legal custody of L.M.

**{¶3}** In 2008, Mother obtained permission of the California court to relocate to Ohio. Within its 2008 order, the California court provided that "[j]urisdiction for this case shall be

changed from California to Illinois, which is the current state of residence for [Father]." However, in 2010, Father filed a motion in the Wayne County, Ohio, Court of Common Pleas, Division of Domestic Relations seeking to modify the California orders. On appeal in his merit brief, Father explains that he proceeded in that court because "Wayne County was [his] place of residence," and, accordingly, "he believed that Wayne County had jurisdiction over the matter." On April 28, 2010, Mother filed a petition in the Summit County, Ohio, Court of Common Pleas, Division of Domestic Relations, asking the court to register the California orders for the purpose of modifying the orders pursuant to R.C. 3127.01. She also filed a motion seeking sole custody of L.M. On May 17, 2010, Father filed in the Summit County court a "Notice of Pending Proceedings in Wayne County" in which he set forth that he was a resident of Wayne County, Ohio.

{¶4} In a magistrate's order issued in the Summit County court, the magistrate noted that Wayne County had declined, and Summit County had accepted, "jurisdiction" over this matter. Thereafter, the parties proceeded to file in Summit County several motions, including a motion filed by Mother requesting the court to impose sanctions against Father for failing to attend a deposition and requesting attorney fees and court costs incurred in defending against Father's motions. After a magistrate's hearing, the Summit County magistrate issued a decision in part granting Mother's motion for sole custody, awarding her child support retroactive to the date that she filed her motion for sole custody, and requiring Father to pay $17000 in fees and costs. On the same day, the trial court adopted the magistrate's decision. Fifteen days after the magistrate's decision was filed, Father filed objections to the decision. The trial court overruled his objections as untimely filed.

{¶5}   Father appealed from the order of the trial court adopting the magistrate's decision, and he presents six assignments of error for our review.

## II.

{¶6}   Initially, we note that while not assigned as error in his merit brief, at oral argument, Father challenged the subject matter jurisdiction of Ohio courts to resolve custody disputes pertaining to L.M.  Challenges to subject matter jurisdiction can be raised at any time. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

{¶7}   The issue of jurisdiction presented here involves Chapter 3127 of the Ohio Revised Code, which contains Ohio's adoption of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  R.C. 3127.17 relates to jurisdiction to modify custody determinations made by a court of another state, and provides as follows:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state may not modify a child custody determination made by a court of another state unless the court of this state has jurisdiction to make an initial determination under division (A)(1) or (2) of section 3127.15 of the Revised Code and one of the following applies:
>
> (A) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under section 3127.16 of the Revised Code or a similar statute of the other state or that a court of this state would be a more convenient forum under section 3127.21 of the Revised Code or a similar statute of the other state.
>
> (B) The court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

{¶8}   "Thus, a determination of jurisdiction under R.C. 3127.17 involves two components." *Doba v. Doba*, 9th Dist. No. 24525, 2009-Ohio-4164, ¶ 9.  The first component concerns whether the Ohio courts have jurisdiction under one of the prongs of R.C. 3127.15(A)(1)/(2) at the time the proceedings to modify the custody order were filed.  *See id. See also McGhan v. Vettel*, 122 Ohio St.3d 227, 2009-Ohio-2884, ¶ 8, 25.  The second

component concerns whether either of the conditions set forth in R.C. 3127.17(A) or (B) are satisfied. *Doba* at ¶ 9. "Because the components of jurisdiction under R.C. 3127.17 are stated in the conjunctive, an Ohio court lacks jurisdiction to modify an out-of-state custody determination if either the initial determination component or the requirements set forth in R.C. 3127.17(A)/(B) are absent." *Id.*

{¶9}    In regard to the first component, R.C. 3127.15(A) provides, in relevant part:

Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶10}  The parties do not dispute that Mother moved to Ohio in 2008, and has resided in this state since that time.  In his parenting affidavit filed in the proceedings below, Father acknowledged that he has resided in Ohio since the end of 2008.  Both parties, in their respective parenting affidavits, aver that L.M. lived with them in Ohio since 2008.  Thus, we conclude that Ohio was the home state of L.M. at the time of commencement of the proceedings on April 28, 2010, and the "initial determination component" of R.C. 3127.17(A) is fulfilled.  *See Doba* at ¶ 9.

{¶11} In regard to the second component of the test for jurisdiction under R.C. 3127.17, the parties do not claim that they, L.M., or any "other person acting as a parent" to L.M., reside in California, which exercised jurisdiction over the initial determination. *See* R.C. 3127.17(B). Therefore, both components of jurisdiction required by R.C. 3127.17 are met, and we conclude that Ohio has jurisdiction to modify the California orders. *See Doba* at ¶ 9.

{¶12} Although Ohio has jurisdiction to modify the orders under the pertinent statutory provisions, Father directs us to the 2008 order of the California court which set forth that "[j]urisdiction for this case shall be changed from California to Illinois, which is the current state of residence for [Father]." Father contends that this order journalized the agreement of the parties that Illinois would have jurisdiction to hear future matters pertaining to the parenting of L.M.

{¶13} However, the jurisdictional provisions of the UCCJEA set forth the requirements for a court of this state to exercise *subject matter jurisdiction*. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 44-45. Subject matter jurisdiction pertains to the power of a court to hear a cause of action, and thus is not subject to "waiver." *Id.* at ¶ 45. Thus, assuming the parties here agreed in 2008 that future matters would be heard in Illinois, their agreement does not confer to a court subject matter jurisdiction, nor does it divest a court with proper subject matter jurisdiction of the power to hear the matter. Further, the UCCJEA contains no provision allowing a court of one state "to 'transfer' a case to a court of another state as that term is used in a technical sense." *See Slaughter v. Slaughter*, 10th Dist. No. 11AP-997, 2012-Ohio-3973, ¶ 36. Therefore, to the extent that the California court intended to "transfer" jurisdiction to Illinois, the 2008 order was ineffective at doing so. *See id.* Accordingly, we find Mr. Meier's

argument as to jurisdiction without merit, and we proceed to address his assignments of error as set forth in his brief.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION.

{¶14}  In his first assignment of error, Mr. Meier argues that the trial court erred by adopting the magistrate's decision, because the magistrate's decision did not comply with the applicable provisions of Civ.R. 53.

{¶15}  Civ.R. 53(D)(3)(a)(iii) requires a magistrate's decision to "indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."

{¶16}  Here, the magistrate's decision concluded with the following notice:

**A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW IN THAT DECISION UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FINDING OR CONCLUSION AS REQUIRED BY CIVIL RULE 53(E)(3)(b)(iv).**

(Emphasis sic.)

{¶17}  Thus, the magistrate's decision provides an incorrect reference to Civ.R. 53(E)(3)(b)(iv) instead of Civ.R. 53(D)(3)(b).  There exists no subsection (E) within Civ.R. 53 since the rule was amended in 2006.  As the current notice required by Civ.R. 53(D)(3)(a)(iii) indicates, the procedure for objecting to a magistrate's decision is now located in Civ.R. 53(D)(3)(b), which provides in part that objections be filed within fourteen days of the filing of the magistrate's decision and that a party support objections to factual findings with a transcript.

**{¶18}** Generally, this court has concluded that the appropriate remedy where a magistrate's decision fails to properly notify the parties regarding the filing of their objections is "to reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file timely objections." *See Keller v. Keller*, 9th Dist. No. 25967, 2012-Ohio-4029, ¶ 7, citing *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. No. 23550, 2007-Ohio-5034, ¶ 16, and *Williams v. Ormsby*, 9th Dist. No. 09CA0080-M, 2010-Ohio-3666, ¶ 12; *see also Keller* at ¶ 13 (Moore, J. dissenting).

**{¶19}** However, Mother responds that the error in the notice was harmless. Civ.R. 61 provides in part that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Mother argues that Father knew of the fourteen-day filing requirement for his objections because the trial court order adopting the magistrate's decision properly advised that objections were to be filed within fourteen days, and because Mr. Meier's untimely filed objections display actual knowledge of the requirements of Civ.R. 53(D)(3)(b).

**{¶20}** In the trial court's order adopting the magistrate's decision, the trial court set forth the following notice:

> A person may appeal this order by filing Objections. Objections shall be filed within fourteen (14) days and shall state the objections with particularity. Objections stay this order unless the Court grants an interim order. O.R.C.P. 53(D)(4)(e)(i).

**{¶21}** However, the Civil Rules require that the notice as to filing objections to the magistrate's decision appear conspicuously *on the magistrate's decision.* Civ.R. 53(D)(3)(a)(iii). Further, neither the notice contained on the order nor on the magistrate's decision makes reference to Civ.R. 53(D)(3)(b), nor does either notice set forth a complete advisement of the provisions contained in Civ.R. 53(D)(3)(b). Under the facts of this case, we cannot say that

notice on the order adopting the decision would have dispelled the confusion or eliminated the prejudice caused by the error in the notice contained in the magistrate's decision.

{¶22} In regard to Mr. Meier's apparent actual knowledge of the requirements of Civ.R. 53(D)(3)(b), in his untimely filed objections, Mr. Meier set forth that a court order adopting a magistrate's decision is stayed "due to the Defendant's filing of timely objections within the fourteen (14) day period in accordance with Civ.R. 53(D)(3)(b)(i)." Although this statement reflects an understanding of a fourteen-day period to file objections to the magistrate's decision in order to stay the order, we cannot discern from this statement that Mr. Meier understood that he could not assign his arguments as error on appeal unless he filed objections to the magistrate's decision within fourteen days. As set forth above, the notice pertaining to the fourteen-day filing requirement was contained in the order adopting the decision; whereas, the notice pertaining to the preservation of his arguments for appeal was contained in the magistrate's decision, which misdirected Mr. Meier to an outdated section of the rule.

{¶23} Therefore, we cannot say that Mr. Meier's rights were not prejudiced by the incorrect reference to Civ.R. 53(E) in the magistrate's decision. Accordingly, we cannot say that the error in the notice was harmless. Therefore, to the extent that Father was not given notice on the magistrate's decision of the need to file objections in accordance with Civ.R. 53(D)(3)(b), Father's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO CONSIDER [FATHER'S] OBJECTIONS TO THE MAGISTRATE'S DECISION.

{¶24} In his second assignment of error, Father argues that the trial court erred in failing to consider his objections to the magistrate's decision due to their untimely filing. Based upon our resolution of Father's first assignment of error, which requires this matter to be remanded to

the trial court to comply with the mandates of Civ.R. 53 and thus allow the parties to thereafter timely file objections, Father's second assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY IMPOSING MONETARY SANCTIONS ON [FATHER].

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY IMPOSING CHILD SUPPORT OBLIGATIONS RETROACTIVE TO APRIL 28, 2010.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN DECLARING [FATHER] A VEXATIOUS LITIGATOR.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION AS THE MAGISTRATE'S OWN FINDINGS OF FACT DID NOT JUSTIFY VESTING SOLE PARENTAL RIGHTS AND RESPONSIBILITIES IN MOTHER.

{¶25} In his third, fourth, fifth, and sixth assignments of error, Father challenges the trial court's adoption of the substantive provisions of the magistrate's decision. Due to our resolution of Father's first assignment of error, his third, fourth, fifth, and sixth assignments of error are premature, and we decline to address them.

III.

{¶26} Father's first assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed, and this case is remanded for further proceedings consistent with this opinion. Due to our resolution of his first assignment of error, Father's second assignment of error is rendered moot, the arguments raised

in his remaining assignments are premature, and we therefore decline to address his second through sixth assignments of error.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

TERENCE E. SCANLON, and KATHELEEN M. AMERKHANIAN, Attorneys at Law, for Appellant.

JOHN M. DOHNER, Attorney at Law, for Appellee.