[Cite as *Smith v. Burke*, 2013-Ohio-5563.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AMANDA SMITH, et al.

    Appellees

    v.

FRED BURKE, et al.

    Appellants

C.A. No.    26913

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    13 CVI 370

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

---

WHITMORE, Judge.

{¶1} Defendant-Appellants, Fred Burke and Lilliam DeJesus, appeal from the judgment of the Barberton Municipal Court. This Court reverses.

I

{¶2} Amanda and Bryan Smith (collectively, "the Smiths") filed a small claims action against Burke and DeJesus. In their pro se complaint, the Smiths alleged that they paid Burke and DeJesus for services that were never rendered. Copies of a summons were sent by certified mail to Burke and DeJesus and signed for on February 27, 2013. The signatures on the receipts are illegible. The summons indicated a hearing date of March 13, 2013.

{¶3} On March 12, 2013, DeJesus faxed a letter to the Barberton Clerk of Courts. In that letter, she requested that the court dismiss the complaint because she had never done business in Ohio or with the Smiths. Neither Burke nor DeJesus appeared at the March 13th hearing, and the magistrate recommended that judgment be awarded in favor of the Smiths. The

magistrate's decision included the following language, "[a]ny person may appeal to the [c]ourt from any Order of a Magistrate by filing a Motion to set the Order aside * * * in accordance with Civ.[R.] 53, within fourteen days of the filing of the order or ten days of a pretrial order."

{¶4}    Burke and DeJesus filed a motion to set aside the magistrate's order and attached affidavits in which they averred that they are both residents of Georgia and have never done business in Ohio or with the Smiths.  The trial court concluded the magistrate "ha[d] properly determined the factual issues and appropriately applied the law" and entered judgment for the Smiths.  Burke and DeJesus now appeal and raise one assignment of error for our review.

II

Assignment of Error

THE DECISION MADE AGAINST THE APPELLANTS WAS IN ERROR BECAUSE APPELLANTS HAVE NEVER DONE BUSINESS WITH APPELLEES.  APPELLANTS DO NOT LIVE IN OHIO NOR HAVE THEY EVER CONDUCTED BUSINESS IN OHIO.  APPELLANT BERKE (sic) DOES NOT HAVE, NOR HAS HE EVER HAD ANY INVOLVEMENT WITH *ANY* BUSINESS.

{¶5}    In their sole assignment of error, Burke and DeJesus argue that the court erred by entering judgment against them because the court lacked personal jurisdiction.

{¶6}    "A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."  Civ.R. 53(D)(3)(a)(iii).  "In cases where the magistrate's decision does not notify the parties of [the] need to file objections, the appropriate remedy is for this [C]ourt to reverse and remand the matter to the trial court for the magistrate to prepare a decision which complies with Civ.R. 53(D)(3)(a)(iii), giving the parties an opportunity to file

timely objections." *Keller v. Keller*, 9th Dist. Summit No. 25967, 2012-Ohio-4029, ¶ 7. *See also Ball v. Meier*, 9th Dist. Summit Nos. 26079 & 26109, 2012-Ohio-5864, ¶ 17-23.

{¶7} Here, the magistrate's decision did not provide the notice required by Civ.R. 53(D)(3)(a)(iii). Instead, the decision erroneously informed the parties that they could *appeal* the *order* by filing a motion to set aside the magistrate's order. It appears Burke and DeJesus relied on this language because they filed a motion to set aside the magistrate's order, instead of filing objections to the magistrate's decision.

{¶8} The rule is clear that a magistrate's decision must include a conspicuous notice of a party's right to object. Civ.R. 53(D)(3)(a)(iii). Because of the incorrect language in the magistrate's decision, Burke and DeJesus were not given notice of their right to object and, more importantly, what would be required to properly support their objection in accordance with Civ.R. 53. *See* Civ.R. 53(D)(3)(b).

{¶9} Because Burke and DeJesus relied on erroneous language in the magistrate's decision and were not given the required notice of their right to file objections, we reverse and remand the matter for the magistrate to prepare a decision that complies with Civ.R. 53(D)(3)(a)(iii), thereby giving the parties the opportunity to file objections.

{¶10} Burke and DeJesus' assignment of error is sustained.

III

{¶11} Burke and DeJesus' assignment of error is sustained. The judgment of the Barberton Municipal Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

LILLIAM DEJESUS and FRED BURKE, pro se, Appellants.

AMANDA L. SMITH and BRYAN P. SMITH, pro se, Appellees.