[Cite as *In re Adoption of J.P.B.*, 2025-Ohio-1352.]

STATE OF OHIO )
)ss:
COUNTY OF SUMMIT )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

IN RE:

ADOPTION OF J.P.B. AND M.M.B.

C.A. Nos.    30918
30919
31204
31205

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    2021 AD 037
2021 AD 038

DECISION AND JOURNAL ENTRY

Dated: April 16, 2025

CARR, Judge.

{¶1}    Appellant Mother (alternatively, "Respondent") appeals the judgments of the Summit County Court of Common Pleas, Probate Division, that found that her consent to the adoption of her biological children was not necessary and allowed Appellee Legal Custodian (alternatively, "Petitioner") to adopt both children, and that denied her motion to vacate the decrees of adoption. This Court affirms.

I.

{¶2}    Mother and Father are the biological parents of J.P.B., born January 12, 2012. Mother is also the biological parent of M.M.B., born September 29, 2016. It is unclear from the record whether that child's paternity was ever established, although there seemed to be an

understanding below that Father may have also been M.M.B.'s biological father. Father did not participate in the proceedings below and has not appealed.

{¶3} In 2016, J.P.B. and M.M.B. became the subject children in dependency/neglect/abuse cases in Summit County Juvenile Court. The parties agree that the juvenile court ultimately placed the children in the joint legal custody of Petitioner and the children's paternal grandfather ("Grandfather") in 2017. Petitioner and the children are not related by consanguinity. Petitioner, however, was romantically involved with Grandfather's son ("Uncle"); and the children resided in a home with all three adults.

{¶4} Legal Custodian-Petitioner filed petitions to adopt J.P.B. and M.M.B., as a single person. On the petition regarding J.P.B., she listed Mother and Father, and alleged that their consents to adoption were not required under R.C. 3107.07(A) due to their respective failures to communicate with or support the child without justifiable cause. On the petition regarding M.M.B., Petitioner included the same information regarding Mother, but did not mention Father. Instead, she alleged that paternal consent was not required because no one had timely registered as the child's putative father.

{¶5} In an attempt to serve notice of the petitions and hearing, Petitioner filed affidavits of proof of due diligence to locate the parents. In both affidavits, Petitioner listed Mother and Father as the living parents of the children and averred that she could not ascertain their current addresses despite her use of reasonable diligence to do so.

{¶6} The probate court thereafter issued Orders for Publication, referencing the credibility of Petitioner's Affidavit for Service by Publication filed in each case. Petitioner's affidavits of proof of due diligence to locate the parents substantially complied with Civ.R. 73(E)(6) in support of service of notice by publication in its averments.

**{¶7}** Notice of the filing of the petition and the hearing date was published in the Akron Legal News for three consecutive weeks appropriately in advance of the hearing in J.P.B.'s case as to both Mother and Father. Petitioner served Mother by publication only in M.M.B.'s case, as there was no indication that Father had registered as that child's putative father.

**{¶8}** The magistrate held a hearing on June 16, 2022, to determine whether parental consent to the adoptions was necessary. The magistrate found that Mother and Father were properly served by publication in J.P.B.'s case and that Mother was properly served in M.M.B.'s case. As to J.P.B., the magistrate found that Mother's and Father's consent to that child's adoption were not required due to the parents' failures without justifiable cause during the relevant lookback period to have more than de minimis contact with J.P.B. or provide maintenance and support for him. As to M.M.B., the magistrate found that Mother's consent to that child's adoption was not required due to her failure without justifiable cause during the relevant time to have more than de minimis contact with her.

**{¶9}** Two days later, the probate court sent correspondence to Mother by regular mail to an address Petitioner had earlier identified as one used by Mother during the prior juvenile court proceedings. The envelopes were returned by the United States Postal Service to the probate court as undeliverable and unable to forward. The trial court filed those envelopes on August 4, 2022. There is no verification of the contents of the envelopes, although the timing of their mailing would reasonably support the conclusion that they contained the magistrate's decisions from the consent hearing. Mother did not file objections to the magistrate's decisions.

**{¶10}** On September 2, 2022, the probate court issued a judgment entry in both cases finding that no parent's consent to either adoption was required for the reasons articulated in the magistrate's decisions. Thereafter, the home study process began. The probate court scheduled a

final hearing for October 16, 2023, to determine whether the adoptions were in the children's best interest.

{¶11} Four days before the final hearing, Petitioner filed amended petitions in each case. While the allegations regarding Mother and Father remained the same, Petitioner changed her marital status to "Married," asserting that she had gotten married on September 26, 2023.

{¶12} The probate court held its final hearing on October 16, 2023, and issued a Final Decree of Adoption as to each child, granting Petitioner's petitions to adopt J.P.B. and M.M.B. Mother appealed. Shortly thereafter, she moved this Court for a limited remand to allow the probate court to rule on the motions for relief from judgment she had filed. After the parties completed briefing, the probate court issued a judgment denying Mother's motions to vacate the decrees of adoption. Mother again appealed. This Court consolidated the four appeals and ordered the parties to file their consolidated briefs. Mother raises three assignments of error for review. We address Mother's third assignment of error first, as it is dispositive of the appeal.

II.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING NATURAL MOTHER'S POST-JUDGMENT REQUEST TO VACATE THE ADOPTION DECREE[S].

{¶13} Mother argues that the probate court erred by denying her motion to vacate the decrees of adoption regarding the children. This Court disagrees.

{¶14} Mother asserts that her "request to vacate the decrees below were grounded in two bases: due process principles as well [as] Civ.R. 60(B)." This Court addresses only the due process challenge as it is dispositive of this assignment of error.

{¶15} It is well settled that the "fundamental requisites of due process of law in any proceeding are notice and the opportunity to be heard." *In re B.C.*, 2014-Ohio-4558, ¶ 17, citing

*Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). Mother's due process argument focuses on the propriety of service of notice of the petitions for adoption. Because Mother was properly served with notice, she suffered no due process violation.

{¶16} R.C. 3107.11(A)(2) requires the probate court to give "notice of the filing of the [adoption] petition and of the time and place of hearing" to any "person whose consent is not required as provided by division (A) . . . of section 3107.07 of the Revised Code and has not consented[.]" R.C. 3107.07(A) includes a parent who has failed without justifiable cause to either have provided more than de minimis contact with the child or provided for the child's maintenance and support for at least one year prior to the filing of the adoption petition. Petitioner alleged that Mother was a person whose consent was not required.

{¶17} Civ.R. 73 is applicable to probate court proceedings. The rule distinguishes between service of summons, service and filing of pleadings and papers subsequent to original pleadings, and service of notice. Civ.R. 73 (C), (D), and (E). As R.C. 3107.11(A) requires merely notice of the filing of the petition and hearing, Civ.R. 73(E) governs the method of service relevant to this case. That provision provides:

> In any proceeding where any type of notice other than service of summons is required by law or deemed necessary by the court, and the statute providing for notice neither directs nor authorizes the court to direct the manner of its service, notice shall be given in writing and may be served by or on behalf of any interested party without court intervention by one of the following methods:
>
> (1) By delivering a copy to the person to be served;
>
> (2) By leaving a copy at the usual place of residence of the person to be served;
>
> (3) By United States certified or express mail return receipt requested, or by a commercial carrier service utilizing any form of delivery requiring a signed receipt, addressed to the person to be served at the person's usual place of residence with instructions to the delivering postal employee or to the carrier to show to whom delivered, date of delivery, and address where delivered, provided that the certified or express mail envelope or return of the  commercial carrier is not returned showing failure of delivery;

(4) By United States ordinary mail after a returned United States certified or express mail envelope or return of the commercial carrier shows that it was refused;

(5) By United States ordinary mail after a United States certified or express mail or commercial carrier envelope is returned with an endorsement stating that it was unclaimed or a similar endorsement indicating the item was unclaimed, provided that the United States ordinary mail envelope is not returned by the postal authorities showing failure of delivery;

(6) By publication once each week for three consecutive weeks in some newspaper of general circulation in the county when the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained; provided that before publication may be utilized, the person giving notice shall file an affidavit which states that the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained;

(7) By other method as the court may direct.

Civ.R. 73(E).

{¶18} While the rule mandates that notice "shall" be in writing, it provides that notice "may" be served by any of the seven enumerated methods. With the exceptions in subsections (4) and (5) for service by ordinary mail only after certified or express mail service was refused or unclaimed, the plain language of the rule does not mandate a hierarchy for methods of service of notice. *See In re Adoption of L.R.B.*, 2018-Ohio-1489, ¶ 28 (9th Dist.). Accordingly, there is no requirement for a petitioner to attempt and fail to serve notice of the petition and hearing date in any other manner before utilizing publication. The only prerequisite to using publication to serve notice is that the petitioner must file an affidavit averring that "the name, usual place of residence, or existence of the person to be served is unknown and cannot with reasonable diligence be ascertained[.]" Civ.R. 73(E)(6).

{¶19} In this case, prior to publication of notice, Petitioner filed an affidavit in which she swore that the parents' addresses were unknown and that she had used reasonable diligence to ascertain their addresses. Moreover, Petitioner utilized the affidavit authorized by the probate

court. The trial court's form affidavit includes the option to add information not required by the civil rule, to wit, the actual means used by a petitioner to effect reasonable diligence. Here, while not mandated by Civ.R. 73(E)(6), Petitioner clarified her efforts to locate the parents by averring that she inquired of family and neighbors as to their whereabouts and searched for them on social media. Thereafter, notice of the filing of the petitions and hearing date was published weekly for three consecutive weeks in the Akron Legal News.

{¶20} Petitioner effected proper service of notice on Mother, as required by law. Service of notice of the filing of the petitions and hearing provided Mother with the opportunity to appear and challenge the allegations in the petitions. Accordingly, the probate court did not err by denying Mother's motion to vacate the decrees of adoption on due process grounds. Moreover, by failing to appear after proper notice, Mother waived any defenses she might have raised.

{¶21} Mother further moved to vacate the decrees pursuant to Civ.R. 60(B). Because her Civ.R. 60(B) motion focuses on the service issue resolved above, we decline to address it further. Mother's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ISSUING [ ] FINAL DECREE[S] OF ADOPTION TOWARD A PARTY THAT LACKED STANDING.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ISSUING [ ] FINAL DECREE[S] OF ADOPTION ABSENT SERVICE ON THE NATURAL MOTHER.

{¶22} Mother argues that the decrees of adoption are void for lack of service of notice of the petitions and because Petitioner lacked standing to adopt. This Court has already determined that Mother was properly served with notice of the petitions and hearing.

{¶23} "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. A judgment is void only when the trial court lacks subject matter jurisdiction. *In re K.K.*, 2022-Ohio-3888, ¶ 9, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Standing, however, relates to a particular party's capacity to bring an action. *Aurora Loan Servs., L.L.C. v. Cart*, 2010-Ohio-1157, ¶ 18 (11th Dist.). "But a particular party's standing, or lack thereof, does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *Kuchta* at ¶ 23, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998). "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Kuchta* at ¶ 19. Because Mother was properly served and could have challenged Petitioner's standing during the case before the probate court, she has waived that issue on appeal for failure to timely raise it. *Bank of New York v. Baird*, 2012-Ohio-4975, ¶ 27, 29 (2d Dist.).

{¶24} As our resolution of Mother's third assignment of error is dispositive of the issue of service, and Mother had the opportunity to challenge Petitioner's standing before the probate court but failed to do so, this Court declines to address these remaining assignments of error.

III.

{¶25} Mother's third assignment of error is overruled. We decline to address the first and second assignments of error. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

ANDREW KARAS and JILL CABE, Attorneys at Law, for Appellant.

CORINNE HOOVER, Attorney at Law, for Appellee.